## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA; THE   )
STATES OF CALIFORNIA, COLORADO, )
CONNECTICUT, DELAWARE,   )
FLORIDA, GEORGIA, HAWAII,   )
ILLINOIS, INDIANA, IOWA,   )
LOUISIANA, MARYLAND,   )
MASSACHUSETTS, MICHIGAN,   )
MINNESOTA, MONTANA, NEVADA,   )
NEW HAMPSHIRE, NEW JERSEY,   )
NEW MEXICO, NEW YORK, NORTH   )
CAROLINA, OKLAHOMA, RHODE   )
ISLAND, TENNESSEE, TEXAS,   )
VIRGINIA, and WISCONSIN;   )
THE DISTRICT OF COLUMBIA; and   )
THE CITY OF CHICAGO,   )
   )
      Plaintiffs,   )
   )
*ex rel.*   )
   )
JAMIE SIEGEL, M.D.,   )
   )
      Plaintiff-Relator,   )
   )
and   )
   )
THE STATE OF WASHINGTON,   )
   )
      Intervening Plaintiff,   )
   )
v.   )     Case No. CIV-15-00114-PRW
   )
NOVO NORDISK, INC.,   )
   )
      Defendant.   )

## ORDER

Upon consideration of the United States' Notice of Election to Decline Intervention

(Dkt. 67), the Amended Notice of Election by the Plaintiff States[1] to Decline Intervention, the State of Washington's Notice of Intervention (Dkt. 85), and the filing of the Second Consolidated Complaint (Dkt. 122) incorporating the State of Washington's claims, the Court orders as follows:

**IT IS HEREBY ORDERED** that

1.      The Second Consolidated Complaint (Dkt. 122) shall be **UNSEALED** immediately, and the Plaintiff-Relator is **DIRECTED** to serve the Second Consolidated Complaint (Dkt. 122) upon Defendant. Consistent with 31 U.S.C. § 3730(b)(3), "[t]he defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure."

2.      The following documents shall also be **UNSEALED** immediately:

(1)      Civil Cover Sheet (Dkt. 1-1);

(2)      Entry of Appearance by Michael Burrage (Dkt. 5);

(3)      Entry of Appearance by Patricia A. Sawyer (Dkt. 6);

(4)      Motion for Admission *Pro Hac Vice* of David M. Haendler (Dkt. 7), with exhibit (Dkt. 7-1);

(5)      Motion for Admission *Pro Hac Vice* of Reuben A. Guttman (Dkt. 8), with exhibit (Dkt. 8-1);

(6)      Motion for Admission *Pro Hac Vice* of Elizabeth H. Shoffner (Dkt. 9), with exhibit (Dkt. 9-1);

(7)      Motion for Admission *Pro Hac Vice* of Traci L. Buschner (Dkt. 10), with exhibit (Dkt. 10-1);

---

[1] This designation included every State listed in the caption except the State of Washington.

(8)     Receipt No. OKW500045477 (Dkt. 11);

(9)     Receipt No. OKW500045478 (Dkt. 12);

(10)    Receipt No. OKW500045479 (Dkt. 13);

(11)    Receipt No. OKW500045480 (Dkt. 14);

(12)    Order (Dkt. 15) granting Motion for Admission *Pro Hac Vice* of David M. Haendler (Dkt. 7);

(13)    Order (Dkt. 16) granting Motion for Admission *Pro Hac Vice* of Reuben A. Guttman (Dkt. 8);

(14)    Order (Dkt. 17) granting Motion for Admission *Pro Hac Vice* of Elizabeth H. Shoffner (Dkt. 9);

(15)    Order (Dkt. 18) granting Motion for Admission *Pro Hac Vice* of Traci L. Buschner (Dkt. 10);

(16)    Entry of Appearance by David M. Haendler (Dkt. 19);

(17)    Entry of Appearance by Traci L. Buschner (Dkt. 20);

(18)    Entry of Appearance by Elizabeth H. Shoffner (Dkt. 21);

(19)    Entry of Appearance by Reuben A. Guttman (Dkt. 22);

(20)    Entry of Appearance by Scott A. Maule (Dkt. 23);

(21)    Entry of Appearance by Ronald R. Gallegos (Dkt. 24);

(22)    Entry of Appearance by Matthew P. Anderson (Dkt. 26);

(23)    Motion to Withdraw as Counsel by David M. Haendler (Dkt. 28);

(24)    Motion to Withdraw as Counsel by Elizabeth H. Shoffner (Dkt. 29);

(25)    Order (Dkt. 30) granting Motions to Withdraw as Counsel (Dkts. 28 & 29);

(26)   Motion for Admission *Pro Hac Vice* of Justin S. Brooks (Dkt. 31), with exhibit (Dkt. 31-1);

(27)   Receipt No. OKW500046527 (Dkt. 32);

(28)   Change of Address and Name of Firm (Dkt. 33);

(29)   Change of Address and Name of Firm (Dkt. 34);

(30)   Order (Dkt. 35) granting Motion for Admission *Pro Hac Vice* of Justin S. Brooks (Dkt. 33);

(31)   Change of Address (Dkt. 38);

(32)   Change of Address (Dkt. 39);

(33)   Motion for Admission *Pro Hac Vice* of William N. Nettles (Dkt. 42), with exhibit (Dkt. 42-1);

(34)   Receipt No. OKW500054696 (Dkt. 43);

(35)   Order (Dkt. 44) granting Motion for Admission *Pro Hac Vice* of William N. Nettles (Dkt. 42);

(36)   Entry of Appearance by William N. Nettles (Dkt. 45);

(37)   Notice of Change of Address (Dkt. 50);

(38)   Notice of Change of Address (Dkt. 51);

(39)   Enter Order (Dkt. 58) reassigning case to Judge Heaton;

(40)   Enter Order (Dkt. 59) reassigning case to Judge Cauthron;

(41)   Motion for Admission *Pro Hac Vice* of Justin S. Brooks (Dkt. 60), with exhibit (Dkt. 60-1);

(42)   Change of Address (Dkt. 61);

(43)   Receipt No. OKW500072099 (Dkt 62);

(44)   Order Granting Admission Pro Hac Vice for Justin S. Brooks (Dkt. 63);

(45)    Enter Order (Dkt. 64) reassigning case to Judge Wyrick;

(46)    Entry of Appearance by Christopher P. Robinson (Dkt. 65);

(47)    Notice of Election by the Plaintiff States to Decline Intervention (Dkt. 66);

(48)    United States' Notice of Election to Decline Intervention (Dkt. 67);

(49)    Amended Notice of Election by the Plaintiff States to Decline Intervention (Dkt. 68);

(50)    Motion for Admission *Pro Hac Vice* of Nancy Gertner (Dkt. 74), with exhibit (Dkt. 74-1);

(51)    Motion for Admission *Pro Hac Vice* of Paul J. Zweir, II (Dkt. 75), with exhibit (Dkt. 75-1);

(52)    Receipt No. OKW500076137 (Dkt. 76);

(53)    Order (Dkt. 77) granting Motion for Admission *Pro Hac Vice* of Nancy Gertner (Dkt. 74);

(54)    Order (Dkt. 78) granting Motion for Admission *Pro Hac Vice* of Paul J. Zweir, II (Dkt. 75);

(55)    Motion for Admission *Pro Hac Vice* of Matthew Kuehn (Dkt. 81), with exhibit (Dkt. 81-1);

(56)    Motion for Admission *Pro Hac Vice* of Carrie L. Bashaw (Dkt. 82), with exhibit (Dkt. 82-1);

(57)    Receipt No. OKW50078000 (Dkt. 83);

(58)    Receipt No. OKW50077999 (Dkt. 84);

(59)    State of Washington's Notice of Intervention (Dkt. 85);

(60)    Order (Dkt. 86) granting Motion for Admission *Pro Hac Vice* of Carrie L. Bashaw (Dkt. 82);

(61)    Order (Dkt. 87) granting Motion for Admission *Pro Hac Vice* of Matthew Kuehn (Dkt. 81);

(62)    Order (Dkt. 88) regarding State of Washington's Notice of Intervention (Dkt. 85);

(63)    Entry of Appearance by Larry D. Ottaway (Dkt. 89);

(64)    Entry of Appearance by Amy Sherry Fischer (Dkt. 90);

(65)    Defendant Novo Nordisk Inc.'s Motion for an Order to Redact all Information Identifying Non-Parties in the Operative Complaint and Incorporate Memorandum of Law (Dkt. 91), with exhibit (Dkt. 91-1);

(66)    Defendant Novo Nordisk Inc.'s Motion to Maintain Seal Pending Order on Defendant's Motion for Redaction (Dkt. 92);

(67)    Order (Dkt. 93) granting Defendant Novo Nordisk Inc.'s Motion to Maintain Seal Pending Order on Defendant's Motion for Redaction (Dkt. 92);

(68)    Waiver of the Service of Summons (Dkt. 95);

(69)    Defendant Novo Nordisk Inc.'s Motion for Leave to File a Supplemental Motion in Support of Defendant's Motion for an Order to Redact All Information Identifying Non-Parties in the Operative Complaint (Dkt. 96);

(70)    Relator and the State of Washington's Opposition to Defendant's Motion for an Order to Redact All Information Identifying Non-Parties in the Operative Complaint (Dkt. 97);

(71)    United States' Motion to Enter Proposed Order (Dkt. 98);

(72)    Order (Dkt. 99) granting Defendant Novo Nordisk Inc.'s Motion for Leave to File a Supplemental Motion in Support of Defendant's Motion for an Order to Redact All Information Identifying Non-Parties in the Operative Complaint (Dkt. 96);

(73)    Defendant Novo Nordisk Inc.'s Reply to Relator and the State of Washington's Opposition to Defendant's Motion for an Order to Redact all Information Identifying Non-Parties in the Operative Complaint (Dkt. 100);

(74)    Certificate of Mailing (Dkt. 101);

(75)    Defendant Novo Nordisk Inc.'s Supplemental Motion in Support of Defendant's Motion for an Order to Redact All Information Identifying Non-Parties in the Operative Complaint (Dkt. 102), with exhibit (Dkt. 102-1);

(76)    Relator and the State of Washington's Opposition to Defendant's Supplemental Motion in Support of Defendant's Motion for an Order to Redact All Information Identifying Non-Parties in the Operative Complaint (Dkt. 103);

(77)    Order (Dkt. 104) granting United States' Motion to Enter Proposed Order (Dkt. 98);

(78)    Order (Dkt. 105) granting in part and denying in part Defendant Novo Nordisk Inc.'s Motion for an Order to Redact all Information Identifying Non-Parties in the Operative Complaint and Incorporate Memorandum of Law (Dkt. 91) and Supplemental Motion in Support of Defendant's Motion for an Order to Redact All Information Identifying Non-Parties in the Operative Complaint (Dkt. 102);

(79)    Motion for Admission Pro Hac Vice of John Winn Wolfe (Dkt. 106), with exhibit (Dkt. 106-1);

(80)    Receipt No. OKW500079704 (DKt. 107);

(81)    Motion for Admission Pro Hac Vice of Aaron Paul Brecher (Dkt. 108), with exhibit (Dkt. 108-1);

(82)    Receipt No. OKW500079703 (Dkt. 109);

(83)    Motion for Admission Pro Hac Vice of Amy L. DeLine (Dkt. 110), with exhibit (Dkt. 110-1);

(84)    Receipt No. OKW500079702 (Dkt. 111);

(85)    Motion for Admission Pro Hac Vice of Paul E. Kalb (Dkt. 112), with exhibit (Dkt. 112-1);

(86)    Receipt No. OKW500079700 (Dkt. 113);

(87)    Motion for Admission Pro Hac Vice of Jaime L.M. Jones (Dkt. 114), with exhibit (Dkt. 114-1);

(88)    Receipt No. OKW500079701 (Dkt. 115);

(89)   Order (Dkt. 116) granting Motions for Admission Pro Hac Vice of John Winn Wolfe, Aaron Paul Brecher, Amy L. DeLine, Paul E. Kalb, and Jaime L.M. Jones (Dkts. 106, 108, 110, 112 & 114);

(90)   Entry of Appearance by Aaron Paul Brecher (Dkt. 117);

(91)   Entry of Appearance by Paul E. Kalb (Dkt. 118);

(92)   Entry of Appearance by Amy L. DeLine (Dkt. 119);

(93)   Entry of Appearance by John Winn Wolfe (Dkt. 120); and

(94)   Entry of Appearance by Jaime L.M. Jones (Dkt. 121).

3.      Redacted versions of the Complaint (Dkt. 1), Amended Complaint (Dkt. 73), and Consolidated Complaint (Dkt. 94) shall also be **UNSEALED** after the parties supply the redacted versions. The parties are given leave to supply redacted versions to the Office of the Court Clerk by no later than Monday, June 8, 2020. In keeping with this Court's Order (Dkt. 105) granting in part and denying in part Defendant's motion and supplemental motion to redact information identifying non-parties, the parties shall only redact non-party patients' information. Upon receipt of the redacted versions, the Office of the Court Clerk is hereby **DIRECTED** to file each redacted version on behalf of the parties, to list the original filing date as the redacted version's filing date, and to clearly label the redacted version as "Redacted."[2]

4.      All other contents of the case file shall remain **UNDER SEAL** and shall not be made public or served upon Defendant.

---

[2] By way of example, the Court Clerk's Office shall file the redacted version of the Amended Complaint (Dkt. 73), labeling the redacted version as "Redacted Amended Complaint" and assigning it a filing date of 09/03/2019.

5.      The seal is lifted as to all matters occurring in this action after the date of this Order.

6.      Insofar as the State of Maryland has elected not to intervene, all claims asserted on behalf of the State of Maryland are hereby **DISMISSED** without prejudice pursuant to section 2-604(a)(7) of the Health–General article in the Annotated Code of Maryland, Md. Code Ann., Health–Gen. § 2-604(a)(7).

7.      The parties shall continue to serve copies of all pleadings and motions filed in this action, including supporting memoranda, upon the United States (as provided by 31 U.S.C. § 3730(c)(3)), and upon the Plaintiff States who have elected not to intervene (as provided in § 5053.3(B) of the Oklahoma Medicaid False Claims Act (OMFCA), Okla. Stat. tit. 63, § 5303.3(B), and analogous provisions in the other Plaintiff States' respective false claims acts). The United States and the Plaintiff States who have elected not to intervene may order any deposition transcripts at their own expense, and may be permitted to intervene in this action at a later date upon a showing of good cause.

8.      The parties shall serve all notices of appeal upon the United States and the Plaintiff States who have elected not to intervene.

9.      Because the United States and the State of Oklahoma have entered their appearances in this case, all orders of this Court shall continue to be served upon the United States and the State of Oklahoma through Notices of Electronic Filing (NEFs). The State of Oklahoma shall serve a copy of this Order (Dkt. 123) upon all other Plaintiff States who have elected not to intervene. If those other Plaintiff States wish to receive copies of all future court orders, they shall take steps to register with the Court's ECF System and to

enter their appearances in this case. All orders of this Court entered after a Plaintiff State files its entry of appearance shall be served upon that Plaintiff State through NEFs.

10.     Should the Plaintiff-Relator, the State of Washington, or Defendant propose that this action be dismissed, settled, or otherwise discontinued, the Court will solicit the written consent of the United States and the Plaintiff States who have elected not to intervene before granting its approval, as required by 31 U.S.C. § 3730(b)(1); by title 63, section 5053.2(B)(1) of the OMFCA, Okla. Stat. tit. 63, § 5053.2(B)(1); and by analogous provisions in the other Plaintiff States' respective false claims acts.

**IT IS SO ORDERED this 28th day of May, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE