## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,     ) | |
|     ) | |
| Plaintiffs,     ) | |
| *Ex rel*.     ) | |
|     ) | |
| JAMIE SIEGEL, M.D.,     ) | |
|     ) | Case No. CIV-15-00114-PRW |
| Plaintiff-Relator,     ) | |
|     ) | |
| v.     ) | |
|     ) | |
| NOVO NORDISK, INC.,     ) | |
|     ) | |
| Defendant.     ) | |

### ORDER

Before the Court is Plaintiff State of Washington and Plaintiff-Relator Jamie Siegel's Joint Motion to Change Venue (Dkt. 203), filed pursuant to 28 U.S.C. § 1404(a). Defendant Novo Nordisk, Inc., responded (Dkt. 204), and Plaintiffs replied (Dkt. 206). For the reasons given below, the Motion is **GRANTED**.

Plaintiff-Relator filed this case in the Western District of Oklahoma on February 2, 2015, against Defendant Novo Nordisk, alleging violations of the False Claims Act[1] and various state laws, including the Washington Medicaid Fraud False Claims Act[2] and the

---

[1] 31 U.S.C. §§ 3729(a)(1)(A), (B).

[2] Wash. Rev. Code §§ 74.66.005 *et seq.*

Oklahoma Medicaid False Claims Act.[3] Nearly five years later, on January 23, 2020, the State of Washington intervened as Plaintiff (Dkt. 88), adding a claim under the Washington Fraudulent Practices Act.[4] Though Washington intervened, Oklahoma did not.

On November 4, 2022, the Court granted in part and denied in part Novo Nordisk's motion to dismiss.[5] The Court upheld Plaintiff-Relator's federal claims and the State of Washington's state-law claims, but Plaintiffs' Second Consolidated Complaint failed "to satisfy Rule 9(b)'s requirements with respect to alleged false claims submitted outside the State of Washington."[6] The Court dismissed the other state-law claims without prejudice,[7] later confining the scope of discovery "to information relevant to Plaintiffs' remaining claims, which arise from allegedly false claims for NovoSeven submitted for patients in the State of Washington."[8] With these rulings, any nexus to Oklahoma-based conduct, witnesses, or evidence disappeared from the case. So, in light of this change in circumstances, Plaintiffs moved to transfer the case to the only state connected to the remaining claims.

Under 28 U.S.C. § 1404(a), a district court may transfer an action "[f]or the convenience of the parties and witnesses, [and] in the interest of justice, . . . to any other

---

[3] Okla. Stat. tit. 63, §§ 5053 *et seq.*

[4] Wash. Rev. Code § 74.09.210.

[5] *See* Order (Dkt. 174) Granting in Part and Denying in Part Motion to Dismiss.

[6] *Id.* at 22.

[7] *Id.* at 30–31.

[8] Order (Dkt. 200) Granting in Part and Denying in Part Motion for Protective Order.

district or division where it might have been brought."[9] The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[10] In considering a motion to transfer under § 1404(a), courts weigh the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.[11]

And where, as here, a plaintiff seeks transfer under § 1404(a), it generally "must show that the circumstances have changed since the filing of suit."[12] The Court has "broad discretion in determining whether transfer from one jurisdiction to another is appropriate," and the

---

[9] The parties do not dispute that this action could have been brought in the Western District of Washington. *See* Pls.' Mot. (Dkt. 203), at 3; Def.'s Resp. (Dkt. 204), at 1–2; *see also* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."); *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013) ("[Section 1404(a)] permits transfer to any district where venue is also proper (*i.e.*, 'where [the case] might have been brought') . . . .").

[10] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (internal quotation marks omitted).

[11] *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (alteration in original).

[12] *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, No. 08-1330-JTM, 2011 WL 2174946, at *5 (D. Kan. June 3, 2011) (internal quotations and citation omitted). *See* 15 Charles A. Wright *et al.*, *Federal Practice and Procedure* § 3848 n.37 (4th ed. 2023) ("A plaintiff moving to transfer must demonstrate that, since the action was filed, there has been change of circumstances that warrants transfer of venue.") (citing *Sodepac, S.A. v. Choyang Park in rem*, 2002 WL 31296341, *6 (S.D. N.Y. 2002)).

decision is made based on "an individualized, case-by-case consideration of convenience and fairness."[13]

Weighing the relevant factors, and considering the changed circumstances of the case, the Court finds that the Western District of Oklahoma is an inconvenient forum.

*Plaintiffs' Choice of Forum.* Though Plaintiff-Relator chose to file the case in this district, the State of Washington did not. Still, Novo Nordisk faults the State of Washington for not moving to transfer the case earlier. But until the Court limited Plaintiffs' claims to alleged violations of federal and Washington law, there remained a nexus to Oklahoma and the possibility that Plaintiffs' Oklahoma claim would proceed. That is no longer the case; Plaintiff-Relator's initial choice of forum now has "no material relation or significant connection" to Plaintiffs' claims.[14] The Court thus "accords little weight to [Plaintiff-Relator's] choice of forum."[15]

*Accessibility of Witnesses and Sources of Proof.* "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."[16] This case involves Washington claims, Washington-based conduct, and Washington-based doctors, patients, and other witnesses. Neither party has identified a single witness in the State of Oklahoma, and Plaintiff has identified witnesses in the State of Washington for whom travel to

---

[13] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

[14] *See T.S. v. Anthem Blue Cross Blue Shield & Deloitte LLP Grp. Ins. Plan*, No. 2:22CV202-DAK, 2023 WL 2164401, at *2 (D. Utah Feb. 22, 2023) (quoting *Bartile Roofs, Inc.*, 618 F.3d at 1167).

[15] *Id.*

[16] *Bartile Roofs, Inc.*, 618 F.3d at 1169.

Oklahoma would likely be out of the question: patients who were prescribed NovoSeven. Novo Nordisk recognizes that, even if these witnesses were compelled to appear pursuant to 31 U.S.C. § 3731(a), they "may be medically fragile and possibly unable to travel."[17] Given the materiality of these patients' testimony and the inconvenience they would face if compelled to attend trial, the Court finds that this factor weighs in favor of transfer.

*Difficulties that May Arise from Congested Dockets.* "When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."[18] Novo Nordisk argues that the congested-dockets factor weighs against transferring the case to the Western District of Washington. In support, Novo Nordisk cites statistics that the Western District of Oklahoma has 302 pending cases per judge and 313 weighted filings per judge, while the Western District of Washington has 437 pending cases per judge and 425 weighted filings per judge.[19] Those statistics also show that the Western District of Washington has a slightly longer median time from filing to trial: 30.1 months in Washington versus 26.9 months in Oklahoma. But for the median time from filing to disposition, it takes 10 months in the Western District of Oklahoma as opposed to just 7 months in the Western District of Washington. So, given

---

[17] Def.'s Resp. (Dkt. 204), at 8 n.2.

[18] *Bartile Roofs, Inc.*, 618 F.3d at 1169.

[19] Def.'s Resp. (Dkt. 204), at 10 (citing Fed. Ct. Mgmt. Statistics, Admin. Off. of the U.S. Courts, https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2022/12/31-1).

that three of the four relevant statistics suggest that the Western District of Washington is more congested, this factor weighs slightly against transfer.

*Advantage of Having Local Court Determine Questions of Local Law.* "When the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale."[20] Though several of Plaintiffs' remaining claims will involve interpreting federal law and are thus equally suited to any federal forum, their claim brought under the Washington Fraudulent Practices Act will involve questions of Washington law. The Court thus finds that this factor weighs in favor of transfer.

*Remaining Factors.* Several of the remaining factors are either irrelevant or neutral—the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; and the possibility of conflict-of-laws issues. But "[u]nder a practical consideration of all the facts," the Western District of Washington "is the forum with the greatest connection to the operative facts of this case and is the most appropriate forum. Thus, the practical considerations and interest of justice weigh in favor of transferring the case" to the Western District of Washington.[21]

In sum, Plaintiffs have shown that Oklahoma is an inconvenient forum since there is no longer any nexus to the state: The Oklahoma claim was dismissed, and no Oklahoma-based conduct, witnesses, or sources of proof are relevant to the remaining claims brought

---

[20] *Bartile Roofs, Inc.*, 618 F.3d at 1170.

[21] *See Anthem Blue Cross Blue Shield & Deloitte LLP Grp. Ins. Plan*, 2023 WL 2164401, at *5.

under federal and Washington law. Washington is the only forum that makes sense under the circumstances. The Court thus **GRANTS** Plaintiffs' motion to transfer (Dkt. 203) and **TRANFERS** this case to the Western District of Washington.[22]

      **IT IS SO ORDERED** this 18th day of May 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[22] Because the case is transferred to the Western District of Washington, this Court will not rule on the pending motion to enter a scheduling order (Dkt. 201).